**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

CARRILLO        v.       COUNTRYWIDE HOME LOANS, INC. ET AL.  No. 09-CV-1734-BTM(WVG)

HON. WILLIAM V. GALLO          CT. DEPUTY J. YAHL          RPTR. _____

Attorneys

Plaintiffs                                          Defendants

_____          _____

_____          _____

_____          _____

Plaintiffs' counsel has represented to the Court that this case has nearly settled.  In order to further accommodate the parties' efforts to settle this matter, the Settlement Conference currently on calendar for November 19, 2010 at 2:00 P.M. is vacated and rescheduled to January 28, 2011 at 2:00 P.M. in Courtroom F.  Further, the parties shall submit directly to chambers a joint status update of the progress of settlement no later than December 8, 2010.  It shall be sufficient to submit said update to the undersigned's e-file mailbox.

All parties or their representatives who have full authority to enter into a binding settlement, in addition to the attorneys participating in the litigation, shall be present at the conference.

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

"Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

DATED: November 16, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge